UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MICHAEL COLLINS and JENNIFER
JOHNSON-HEISS, individually and on
behalf of all others similarly situated,

      Plaintiffs,

v.

GROUP HEALTH COOPERATIVE OF
SOUTH CENTRAL WISCONSIN,

      Defendant.

Case No.: 24-cv-315

---

## DEFENDANT GROUP HEALTH COOPERATIVE OF SOUTH CENTRAL WISCONSIN'S NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1332, 1446, and 1453, Defendant Group Health Cooperative of South Central Wisconsin ("GHC"), by and through its attorneys, Husch Blackwell LLP, hereby provides notice of the removal of the above-captioned state court action, 2024 CV 001138, from the Dane County Circuit Court, State of Wisconsin, to the United States District Court for the Western District of Wisconsin.

    I.    <u>PROCEDURAL HISTORY</u>

On April 16, 2024, Plaintiffs Michael Collins and Jennifer Johnson-Heiss, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), initiated an action in state court by filing the above-captioned Complaint in the Dane County Circuit Court, State of Wisconsin, Case No. 2024 CV 001138 (the "Class Action"). The Complaint alleges the following counts: (1) Negligence (Class Members against GHC); (2) Negligence Per Se (Class Members against GHC); (3) Breach of Fiduciary Duty (Class Members against GHC); (4)

HB: 4890-7966-8669.1

Breach of Implied Contract (Class Members against GHC); and (5) Unjust Enrichment (Class Members against GHC).

With the Complaint, Plaintiffs also included a Summons and a Jury Demand. *See* Exhibit A. Plaintiffs served GHC with the Summons and a copy of the Complaint on May 1, 2024. *See* Exhibit B. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b).

Copies of all pleadings served upon GHC are attached hereto as Exhibit A.

II.     NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice shall be promptly served on Plaintiffs' counsel of record and will be filed with the Dane County Circuit Court, State of Wisconsin.

III.    JURISDICTION AND VENUE

As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1453, and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

Venue lies in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. §§ 1453(b) and 1446(a).

IV.     GROUNDS FOR REMOVAL

Plaintiffs' Complaint is properly removed to this Court because there is minimal diversity between GHC and the class members, the aggregate amount in controversy for the class exceeds $5 million, and there are more than 100 members in the case.

This is a civil Class Action which GHC may remove to this Court pursuant to the Class Action Fairness Act ("CAFA"). Pursuant to 28 U.S.C. § 1453 – Removal of class actions:

> **(b) In general.**--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

In considering 28 U.S.C. § 1453(b), the Supreme Court confirmed that "CAFA also includes a removal provision specific to class actions." *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746-47, 204 L.Ed.2d 34 (2019).

Removal of this Class Action is warranted pursuant to 28 U.S.C. §§ 1453(b) and 1332(d). Specifically, this Court has jurisdiction over this Class Action because: (1) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs; (2) a member of the class of plaintiffs is a citizen of a state different from GHC; and (3) the number of all proposed plaintiff class members in the aggregate is more than 100. As the foregoing prerequisites are met, any party that seeks remand bears the burden to prove an exception to CAFA's jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 680 (7th Cir. 2006).

A. <u>The amount in controversy exceeds the sum or value of $5 million.</u>

First, it is plausible that the amount in controversy in this Class Action exceeds the sum or value of $5 million. To determine whether the amount in controversy threshold has been met, the claims of the individual class members are aggregated, exclusive of interest and costs but inclusive of punitive damages and attorneys' fees under a fee-shifting statute or contract. *See, e.g., Schutte v. Ciox Health, LLC*, 28 F.4th 850, 855 (7th Cir. 2022); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998); *see also* 28 U.S.C. § 1332(d)(6). Plaintiffs seek "monetary relief, including actual damages, statutory damages, punitive damages, restitution, and disgorgement," as well as "pre-judgment and post-judgment interest to the maximum extent

allowable." *See* Exhibit A, Prayer for Relief, ¶¶ B, D. Plaintiffs also request an award of "reasonable attorneys' fees." *See id.*, Prayer for Relief, ¶ E.

In the aggregate, the proposed class of well over 100 Plaintiffs satisfies the $5 million amount in controversy threshold. Plaintiffs identify the "Class" as:

> All United States residents whose PHI/PII was accessed in the Data Breach, including all who were sent a notice of the Data Breach.

*See* Exhibit A, ¶ 59. In turn, Plaintiffs allege that the Data Breach affected approximately 533,809 persons. *See id.*, ¶¶ 1, 62, *citing* Maine Attorney General, *Data Breach Notification*, https://apps.web.maine.gov/online/aeviewer/ME/40/d863c624-4dal-49ce-bede-3f7a7e271ddc.shtml. Thus, each individual class member would need to claim, at most, $9.36 to satisfy the $5 million amount in controversy threshold. Given the broad scope of damages being requested, including statutory damages, punitive damages, restitution, and disgorgement, and Plaintiffs' request for attorneys' fees, it is plausible that each Plaintiff of the proposed class has placed more than $9.36 in controversy.

Further, Plaintiffs request that GHC be required to undertake several costly remedies, including "adopting and implementing best data security practices to safeguard PII/PHI and to provide or extend credit monitoring services and similar services to protect against all types of identity theft and medical identity theft." *See* Exhibit A, Prayer for Relief, ¶ C. GHC's costs to comply with these requested injunctions would also be aggregated to the amount in controversy. *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003).

Given the above, it is more than plausible that the amount in controversy exceeds $5 million.

    B.  <u>Minimal diversity is satisfied</u>.

To meet the minimal diversity requirement of 28 U.S.C. § 1332(d)(2), the party seeking removal must establish that any member of a class of plaintiffs is a citizen of a state different from any defendant.

1. GHC's citizenship

For purposes of determining minimal diversity under CAFA, 28 U.S.C. § 1332(d)(10) provides that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." GHC is a membership cooperative that was formed in Wisconsin and has its principal place of business in Wisconsin. *See* Exhibit A, ¶ 22. For purposes of removal under CAFA, therefore, GHC is a citizen of the State of Wisconsin.

2. Class members' citizenship

The Complaint does not limit the citizenship of its proposed class members to the State of Wisconsin. Rather, the proposed class includes "*[a]ll United States residents*" who were sent a notice of the alleged data breach. *See* Exhibit A, ¶ 59 (emphasis added). Moreover, Plaintiffs allege that there are approximately 533,809 proposed class members. Even though the named Plaintiffs are citizens of the State of Wisconsin, minimal diversity is satisfied because, based on Plaintiffs' allegations, it is more likely than not that at least one of the proposed class members is not a citizen of the State of Wisconsin.

3. The proposed class consists of more than 100 members.

As alleged in the Complaint, the proposed class consists of "[a]ll United States residents whose PHI/PII was accessed in the Data Breach, including all who were sent a notice of the Data Breach," and the Data Breach affected approximately 533,809 persons. *See* Exhibit A, ¶¶ 59, 62. Based upon Plaintiffs' express allegations, the number of members of all proposed class

members in the aggregate is greater than 100. Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

V.  CONCLUSION

By removing this action to this Court, GHC does not waive any defenses, objections, or motions available under state and/or federal law. GHC expressly reserves the right to move for dismissal of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure or any other applicable rule.

WHEREFORE, GHC respectfully removes this action from the Dane County Circuit Court, State of Wisconsin, as Case No. 2024 CV 001138, to the United States District Court for the Western District of Wisconsin.

Dated this 10th day of May, 2024.

s/ Thomas P. Heneghan
Thomas P. Heneghan
Jacob B. Harris
Attorneys for Group Health Cooperative of South Central Wisconsin
HUSCH BLACKWELL LLP
33 East Main Street, Suite 300
Madison, Wisconsin 53703
Telephone: 608.255.4440
Fax: 608.258.7138
Email: Tom.Heneghan@huschblackwell.com
Email: jacob.harris@huschblackwell.com

HB: 4890-7966-8669.1